108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jeffrey BAKER, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 96-3339.
 United States Court of Appeals, Federal Circuit.
 March 12, 1997.
 
 Before NEWMAN, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey Baker appeals the decision of the Merit Systems Protection Board, Docket No. DC0752960095-I-1, affirming the decision of the Department of Defense to remove Mr. Baker from service. We affirm the Board's decision.
 
 BACKGROUND
 
 2
 Mr. Baker worked at the Defense Distribution Depot in Norfolk, Virginia as a WG-06 Packer. On August 10, 1995, he returned from lunch 35 minutes late. When his supervisor, Patricia Whitehurst, approached him to discuss his tardiness, she noticed that he smelled of alcohol, that his speech was slurred, and that he was staggering. She told Mr. Baker that he was in no condition to work and offered to get him a ride home, but he refused and left work on his own.
 
 
 3
 At an August 30, 1995 pre-action meeting, Mr. Baker stated that he had not been intoxicated when he returned from lunch on August 10 and that he had "a problem with hiccups." By letter dated September 20, 1995, the agency proposed to remove Mr. Baker from federal service based upon two charges: (1) being away from the job without permission during the 35 minutes after his scheduled lunch break; and (2) being on duty under the influence of an intoxicant. On October 5, 1995 Mr. Baker made an oral reply to the notice of proposed removal, denying the charges and stating that he suffered from chronic hiccups and stomach problems. He further stated that he was unsteady on August 10 because he had just vomited when Ms. Whitehurst approached him.
 
 
 4
 After considering Mr. Baker's reply, the deciding official sustained the charges and removed Mr. Baker effective October 21, 1995. Mr. Baker appealed the removal to the MSPB. The administrative judge (AJ) conducted a hearing at which Mr. Baker testified and submitted medical evidence. Mr. Baker contended that he was not intoxicated on August 10 and that he has a medical condition that causes symptoms such that people often mistake him as being intoxicated. However, there was no medical evidence to this effect.
 
 
 5
 Noting that she did not doubt that Mr. Baker "has a chronic stomach condition that causes him much pain and distress," the AJ determined that the agency had "shown by a preponderance of the evidence that the appellant was intoxicated on the day charged." The AJ also determined that the agency sustained its burden of proof on the charge of being away from duty without permission. Finding that Mr. Baker did not establish his defense of disability discrimination related to his medical condition, and that the penalty of removal was within the bounds of reasonableness, the AJ affirmed the agency's removal action. The full Board denied Mr. Baker's petition for review. This appeal followed.
 
 DISCUSSION
 
 6
 We review a decision of the MSPB to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).
 
 
 7
 Mr. Baker contends that the AJ erred in finding that the agency sustained its burden of proof on the intoxication charge, arguing that the agency presented no evidence that he was intoxicated other than the testimony of Ms. Whitehurst that she smelled alcohol. Mr. Baker further contends that the AJ erred in sustaining the charge of being away from duty without permission. He states that, during this time, he was helping another employee and was in the bathroom vomiting. Finally, Mr. Baker argues that the penalty of removal is unreasonable.
 
 
 8
 We do not discern reversible error in the Board's sustaining the charge of intoxication. Ms. Whitehurst testified that Mr. Baker's "speech was slurred," that "he wasn't coherent" and that he "was staggering," in addition to testifying that he smelled of alcohol. The AJ stated that "Ms. Whitehurst was clear and firm: she smelled alcohol when she came near [Mr. Baker]." The AJ found this "testimony more credible than [Mr. Baker's] explanation of the smell," which he attributed to the fact that he had just vomited. Such credibility determinations "are virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The findings of intoxication alone suffice to support the agency's action, in view of all of the circumstances.
 
 
 9
 Mr. Baker argues that the penalty of removal was unreasonable in view of his eighteen years of government service, and the fact that the most stringent penalty he received in the past was a ten-day suspension. The AJ considered the appropriate Douglas factors in assessing the reasonableness of the removal penalty. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 308 (1981). She noted Mr. Baker's "extensive record of prior discipline, including two previous actions for the same offense, intoxication." She observed that agency officials considered the intoxication charge very serious because Mr. Baker "worked in a dangerous industrial environment where workers can be and indeed have been killed on the job." We have not been shown reversible error in application of the penalty of removal.
 
 
 10
 The MSPB's decision was neither arbitrary nor capricious, was supported by substantial evidence, and was in accordance with law.